UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN LYNNE JARVIS-ORR,

    Plaintiff,

                              CASE NO. 1:11-CV-1066

v.

                              HON. ROBERT J. JONKER

TOWNSHIP OF HARTFORD, *et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 137) and Plaintiff Jarvis-Orr's Objection to the Report and Recommendation (docket # 142). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.

In his Report and Recommendation, the Magistrate Judge recommends that Plaintiff's motions for preliminary injunction be denied. In her objections, Plaintiff does not actually address the substance of the Report and Recommendation. Instead, she emphasizes repeatedly that she should have the opportunity to make repairs. Even assuming this claim is true, it has nothing to do with the reasons the Magistrate Judge articulates for recommending that a preliminary injunction be denied. Plaintiff's failure to lodge specific objections is sufficient basis, standing alone, for this Court to adopt the Magistrate Judge's Report and Recommendation. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, in this case the Magistrate Judge's analysis accurately states and applies the law. Plaintiff fails to address the real problems with her probability of success on the merits given the history of the Township's administrative process and her failure to exhaust administrative appeals. Also, the record includes clear evidence that she had notice and an opportunity to cure. Plaintiff fails to establish the risk of irreparable harm necessary to warrant an injunction. Her claims stem from her interests in rental properties, and economic damages can compensate her if she ultimately prevails in this case.

The Court concludes that the Magistrate Judge's Report and Recommendation (docket # 137) is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 137) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for a Preliminary Injunction (docket ## 5 and 28) are **DENIED**.

Dated:     September 25, 2012              /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE